STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SONYA A. NEVAREZ (Cal. Bar No. 299470)
Special Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-7413
Facsimile: (213) 894-0141
E-mail: sonya.nevarez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT PEDRO RAMIREZ SALES |
| v. | |
| PEDRO RAMIREZ SALES, aka "Pedro Lopez," | |
| Defendant. | |

1.    This constitutes the plea agreement between PEDRO RAMIREZ SALES, also known as "Pedro Lopez," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines

i

that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 22 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraph 24 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a)   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information, in the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with being an illegal alien found in the United States following deportation or removal in violation of 8 U.S.C. § 1326(a).

b)   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of

the Chief Judge 20-043 and 20-080, or another order, rule, or statute.  Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings.  Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver.  Specifically, this agreement includes, but is not limited to, the following:

> i)   Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

> ii)  Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

> iii) Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

> iv)  Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pre-trial release by VTC or telephone, if VTC is not reasonably available.

> c)   Not contest facts agreed to in this agreement.

> d)   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court

that it impose sentence in accordance with paragraph 13 of this agreement.

e)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g)   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h)   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a)   Not contest facts agreed to in this agreement.

b)   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 13 of this agreement.

<u>NATURE OF THE OFFENSE</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in the one-count information, a violation of 8 U.S.C. § 1326(a), the following must be true: (1) defendant was lawfully deported or removed from the United States; (2) after defendant's deportation or removal, defendant voluntarily entered the United States; (3) after defendant entered the United States,

iv

defendant knew that defendant was in the United States and knowingly remained; (4) defendant was found in the United States without having obtained consent to reapply for admission into the United States from the Attorney General or the Secretary of the Department of Homeland Security, or any authorized representative of either official; (5) defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States; and (6) defendant was free from official restraint at the time he entered the United States. Defendant was free from official restraint if defendant was first observed by a United States officer after defendant physically crossed the border of the United States.

In order for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2), defendant's deportation or removal must have occurred after defendant was convicted of an aggravated felony, namely, the felony described in paragraph 10 below. In order for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1), defendant's deportation or removal must have occurred after defendant was convicted of a felony, namely, the felony described in paragraph 10 below.

<u>PENALTIES</u>

6.    The statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1326(a), where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1) apply, is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

The statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1326(a), where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) apply, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant agrees that the imposition of supervised release is warranted in this case, as authorized under U.S.S.G. § 5D1.1, cmt. n.5. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that the conviction in this case may result in defendant giving up valuable government benefits and civic rights and may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and defendant understands that, because defendant is not a United States citizen, the conviction in this case makes it practically

inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of violating 8 U.S.C. § 1326(a) as described in the information and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2) and (b)(1) as set forth above. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, a citizen of GUATEMALA, was at all times relevant to this plea agreement an alien, that is, not a natural-born or

naturalized citizen, or national, of the United States.  Defendant was ordered removed for the first time on or about October 12, 2005. Defendant was lawfully deported or removed from the United States on or about November 30, 2005, and December 16, 2015.  Subsequent to defendant's December 16, 2015 deportation or removal, defendant knowingly and voluntarily re-entered and thereafter remained in the United States.  Defendant did so without the consent of the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or of any authorized representative of either the Attorney General or that Department, to reapply for admission or to otherwise re-enter and remain in the United States.  After defendant re-entered and remained in the United States, on or about April 6, 2019, immigration authorities found defendant in Los Angeles County, within the Central District of California. Defendant was found by immigration authorities after he had physically crossed the border of the United States.

Before at least one of defendant's prior removals or deportations, on or about September 15, 2005, defendant was convicted of Second-Degree Robbery, an aggravated felony, in violation of California Penal Code Section 211, with an enhancement for Use of a Deadly Weapon under California Penal Code Section 12022(b)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number BA284803, for which the sentence imposed was a total of four years' imprisonment.  This conviction is an aggravated felony theft offense for which the term of imprisonment imposed was at least one year.

Additionally, on or about February 23, 2015, defendant was convicted of Illegal Alien Found in the United States Following

Deportation, in violation of Title 8, United States Code Section 1326, in the United States District Court, Central District of California, Case Number 14-CR-363-BRO, for which the sentence imposed was 20 months' imprisonment.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | |
|---|---|
| Base Offense Level: | 8 [U.S.S.G. § 2L1.2(a)] |
| Felony Conviction for An Illegal Reentry Offense: | +4 [U.S.S.G. §2L1.2(b)(1)(A)] |
| Felony Conviction Sustained for which the Sentence Imposed Was Two Years or More and Conduct Occurred Before Defendant's Initial Removal Order: | +8 [U.S.S.G. § 2L1.2(b)(2)(B)] |
| Acceptance of Responsibility: | -3[U.S.S.G. § 3E1.1(b)] |
| Early Disposition Program Departure: | -4 [U.S.S.G. § 5K3.1] |

| | |
|---|---|
| Total Offense Level: | 13 |

Defendant and the USAO further agree that, if Defendant's Calculated Criminal History Category, as defined in paragraph 13 below, is criminal history category VI, the Early Disposition Program Departure shall be only 2 levels (rather than the 4

specified above), with the result that defendant's Total Offense Level will be 15 rather than 13 as specified above.

13.   Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of: (a) $100 special assessment; (b) a term of imprisonment of duration equal to the low end of the applicable Sentencing Guidelines range determined by the Total Offense Level determined in accordance with paragraph 12 above, and the criminal history category calculated by the Court in accordance with Chapter 4 of the Sentencing Guidelines without any departure based on inadequacy of criminal history under U.S.S.G. § 4A1.3 ("Defendant's Calculated Criminal History Category"); and (c) a three-year period of supervised release to follow release from imprisonment, which includes the following terms and conditions:

> i)   Defendant shall comply with the rules and regulations of the United States Probation and Pretrial Services Office and Second Amended General Order 20-04, including, but not limited to, the condition that defendant shall not commit another federal, state or local crime;

> ii)   Defendant shall refrain from any unlawful use of a controlled substance.  As directed by the Probation Officer, defendant shall submit to one drug test within 15 days of release from imprisonment.  Thereafter, defendant shall also submit to periodic drug testing as directed by the Probation Officer, not to exceed eight drug tests per month;

iii) Defendant shall comply with the immigration rules and regulations of the United States, and when deported or removed from this country, either voluntarily or involuntarily, not re-enter the United States illegally.  Defendant is not required to report to the United States Probation and Pretrial Services Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of court-ordered supervision, defendant shall report for instructions to the United States Probation and Pretrial Services Office;

iv)  Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than defendant's true legal name, without the prior written approval of the Probation Officer; nor shall defendant use, for any purpose or in any manner, any name other than defendant's true legal name; and

v)  Defendant shall cooperate in the collection of a DNA sample from defendant.

14.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.  Defendant represents, and the USAO does not contest, that defendant does not have the ability to pay a fine.

15.  The parties agree that they will recommend that the Court impose the sentence set forth in paragraph 13 above, and that they will not seek, argue, or suggest in any way, either orally or in

writing, that any other specific offense characteristics, adjustments, departures, or variances in sentence pursuant to the Sentencing Guidelines and/or the factors set forth in 18 U.S.C. § 3553(a) be imposed, or that the Court impose a sentence other than what has been stipulated to by the parties herein.

16. The parties agree to request that defendant be sentenced as soon as possible following the entry of defendant's guilty plea. The parties stipulate and agree that, with the exception of defendant's criminal history, there is sufficient information in the record to enable the Court to exercise its sentencing authority meaningfully without a presentence investigation or report. The parties agree to request that the United States Probation and Pretrial Services Office prepare a presentence report that is limited to defendant's criminal history only. To the extent defendant has a right to a presentence investigation and preparation of a presentence report relating to anything other than defendant's criminal history, defendant hereby knowingly, voluntarily, and intelligently waives that right. The parties agree to request that the Court find, pursuant to Federal Rule of Criminal Procedure 32(c)(1), that the information in the record, coupled with a presentence report limited to defendant's criminal history, is sufficient to enable the Court to exercise its sentencing authority meaningfully without a more complete presentence investigation and report. The parties understand and agree that, in the event that the Court declines to make this finding and instead orders that a more complete presentence investigation be conducted and/or a more complete presentence report prepared, such action shall have no effect on the validity of this Agreement or any of its terms or

conditions and shall not provide a basis for either party to withdraw from the plea agreement.

WAIVER OF *DESCAMPS*-BASED CHALLENGES TO PRIOR CONVICTION

17. Defendant has fully discussed with his counsel any potential challenges or defenses that defendant could raise at sentencing pursuant to United States v. Descamps, 133 S.Ct. 2276 (2013), and its progeny. Defendant understands and agrees that by entering into this plea agreement, and by pleading guilty pursuant to this plea agreement, defendant is voluntarily giving up the right to raise any such challenges or defenses, including any challenges to the prior aggravated felony convictions stipulated in paragraph 10 above and any challenges to the sentencing factors stipulated in paragraph 12 above, in exchange for the benefits under the plea agreement.

WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)     The right to confront and cross-examine witnesses against defendant.

f)     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)     Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

                    WAIVER OF APPEAL OF CONVICTION

19.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

               LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 13 above, defendant gives up the right to appeal any portion of that sentence, with the exception that defendant reserves the right to appeal Defendant's Calculated Criminal History Category, as defined in paragraph 13 above.

21. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 13 above, the USAO gives up its right to appeal any portion of that sentence, with the exception that the government reserves the right to appeal Defendant's Calculated Criminal History Category, as defined in paragraph 13 above.

RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached,

and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 12 and 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit

full and complete factual information to the United States Probation
and Pretrial Services Office and the Court, even if that factual
information may be viewed as inconsistent with the facts agreed to
in this agreement, this paragraph does not affect defendant's and
the USAO's obligations not to contest the facts agreed to in this
agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

27.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the
USAO and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

28.   The parties agree that this agreement will be considered
part of the record of defendant's guilty plea hearing as if the
entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

_____        9/22/2022
SONYA A. NEVAREZ                          Date
Special Assistant U.S. Attorney

_____        9/20/22
PEDRO RAMIREZ SALES                       Date
Defendant

_____        9/22/2022
CLAIRE KENNEDY                            Date
Deputy Federal Public Defender
Attorney for Defendant
PEDRO RAMIREZ SALES

xvii

1    CERTIFICATION OF DEFENDANT

2    **TO DEFENDANT AND COUNSEL: INITIAL THE TRUE STATEMENT AND CROSS**

3    **OUT THE OTHER:**

4        1.    This agreement has been read to me in Spanish, the

5    language I understand best.  Defendant's initials: PRG  Counsel's

6    initials: CK  **OR:**

7        2.    I am fluent in English and have carefully read this

8    agreement.  Defendant's initials: _____/ Counsel's initials: _____

9        I have had enough time to review and consider this agreement,

10   and I have carefully and thoroughly discussed every part of it with

11   my attorney.  I understand the terms of this agreement, and I

12   voluntarily agree to those terms.  I have discussed the evidence

13   with my attorney, and my attorney has advised me of my rights, of

14   possible pretrial motions that might be filed, of possible defenses

15   that might be asserted either prior to or at trial, of the

16   sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

17   Sentencing Guidelines provisions, and of the consequences of

18   entering into this agreement.  No promises, inducements, or

19   representations of any kind have been made to me other than those

20   contained in this agreement.  No one has threatened or forced me in

21   any way to enter into this agreement.  I am satisfied with the

22   representation of my attorney in this matter, and I am pleading

23   guilty because I am guilty of the charges and wish to take advantage

24   of the promises set forth in this agreement, and not for any other

25   reason.

26   _____          9/20/22
     PEDRO RAMIREZ SALES                       Date
27   Defendant

28

                            xviii

1
## CERTIFICATION OF INTERPRETER

2 I, __Carina R. Arriola__, am fluent in the written and

3 spoken English and Spanish languages.  I accurately translated this

4 entire agreement from English into Spanish to defendant PEDRO

5 RAMIREZ SALES on this date.

6 /s Carina Arriola (signed by counsel with consent)     9/15/2022

7 INTERPRETER                                              Date

8
## CERTIFICATION OF DEFENDANT'S ATTORNEY

9 I am PEDRO RAMIREZ SALE's attorney.  I have carefully and

10 thoroughly discussed every part of this agreement with my client.

11 Further, I have fully advised my client of his rights, of possible

12 pretrial motions that might be filed, of possible defenses that

13 might be asserted either prior to or at trial, of the sentencing

14 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

15 Guidelines provisions, and of the consequences of entering into this

16 agreement.  To my knowledge: no promises, inducements, or

17 representations of any kind have been made to my client other than

18 those contained in this agreement; no one has threatened or forced

19 my client in any way to enter into this agreement; my client's

20 decision to enter into this agreement is an informed and voluntary

21 one; and the factual basis set forth in this agreement is sufficient

22 to support my client's entry of a guilty plea pursuant to this

23 agreement.

24 _____     9/22/2022

25 CLAIRE KENNEDY                        Date
Deputy Federal Public Defender

26 Attorney for Defendant
PEDRO RAMIREZ SALES

27

28

xix

EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  | UNITED STATES OF AMERICA, | No. |
    | --- | --- |
    |      Plaintiff, | I N F O R M A T I O N |
    |      v. | [8 U.S.C. §§ 1326(a), (b)(1), (b)(2): Illegal Alien Found in the United States Following Deportation] |
    | PEDRO RAMIREZ SALES, aka "Pedro Lopez," | |
    |      Defendant. | |

18

19       The Acting United States Attorney charges:

20              [8 U.S.C. §§ 1326(a), (b)(1), (b)(2)]

21       On or about April 6, 2019, defendant PEDRO RAMIREZ SALES, also

22  known as "Pedro Lopez," an alien, who had been officially deported

23  and removed from the United States on or about November 30, 2005, and

    December 16, 2015, was found in Los Angeles County, within the

24  Central District of California, after knowingly and voluntarily re-

25  entering and remaining in the United States without having obtained

26  permission from the Attorney General or his designated successor, the

27  Secretary of Homeland Security, to reapply for admission to the

28

United States following deportation and removal.

    At least one of defendant SALES' previously alleged deportations and removals from the United States occurred subsequent to defendant SALES' conviction for an aggravated felony, namely, Second-Degree Robbery, in violation of California Penal Code Section 211, with an enhancement for Use of a Deadly Weapon under California Penal Code Section 12022(b)(1), on or about September 15, 2005, in the Superior Court of the State of California, County of Los Angeles, Case Number BA284803, a crime of theft for which the term of imprisonment imposed was at least one year.

//

//

//

1        Additionally, at least one of defendant SALES' previously

2    alleged deportations and removals from the United States occurred

3    subsequent to defendant SALES' conviction for a felony, namely,

4    Illegal Alien Found in the United States Following Deportation, in

5    violation of Title 8, United States Code Section 1326, on or about

6    February 23, 2015, in the United States District Court, Central

7    District of California, Case Number 14-CR-363-BRO.

8

9                  STEPHANIE S. CHRISTENSEN
              Acting United States Attorney

10

11                 SCOTT M. GARRINGER
              Assistant United States Attorney
              Chief, Criminal Division

12

13

14                 MELANIE SARTORIS
              Assistant United States Attorney

15                 Chief, General Crimes Section

16                 DAVID T. RYAN
               Assistant United States Attorney

17                 Deputy Chief, General Crimes
              Section

18

19                 SONYA A. NEVAREZ
              Special Assistant United States

20                 Attorney, General Crimes Section

21

22

23

24

25

26

27

28